IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-269-BO

| | | |
|---|---|---|
| BENNIE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FEDERATED MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss. Also pending is plaintiff's motion for joinder, more properly denominated as a motion to consolidate. For the reasons discussed below, the motion to dismiss is granted and this matter is dismissed in its entirety.

## BACKGROUND

Plaintiff filed this action in Wilson County Superior Court alleging claims for intentional infliction of emotion stress and bad faith and seeking punitive damages. Plaintiff's claims against defendant arise out of an injury plaintiff suffered during the course of his employment with Performance Heating & Cooling. Plaintiff alleges that defendant provided coverage to Performance Heating & Cooling for benefits to injured employees whose injuries give rise to claims under the North Carolina Workers Compensation Act. N.C. Gen. Stat. §§ 97-1, *et seq.* Plaintiff contends that defendant improperly handled plaintiff's claim for workers' compensation benefits.

Defendant removed plaintiff's action to this Court pursuant to its diversity jurisdiction. 28 U.S.C. §§ 1441; 1332. Defendant now seeks to dismiss plaintiff's action pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6), contending first that this Court lacks subject matter jurisdiction over plaintiff's claims and second that plaintiff has failed to state claims upon which relief could be granted.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The facts alleged by the plaintiff in the complaint are then taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

North Carolina's Workers' Compensation Act provides that all questions arising under the Act, if not settled by the parties, shall be determined by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-91. "Through the Workers' Compensation Act, North Carolina has set up a comprehensive system to provide for employees who suffer work-related illness or injury." *Johnson v. First Union Corp.*, 131 N.C. App. 142, 144 (1998). This comprehensive system allows injured workers to enjoy "swift and certain remed[ies]," in addition to providing "limited and determinate liability for employers." *Id.* (quoting *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427 (1966)). To accomplish such goals, the workers' compensation system relies on the mutual concession of rights held by and remedies available to both the employee and the employer. *Lee v. American Enka Corp.*, 212 N.C. 455, 462, 193 S.E. 809, 813-14 (1937). Therefore, under the Workers' Compensation Act, jurisdiction over both workers' compensation claims and related collateral claims resides solely with the North Carolina Industrial Commission. *Johnson*, 131 N.C. App. at 145 (claims for fraud, bad faith, unfair and deceptive trade practices, intentional infliction of emotional distress, and civil conspiracy arising out of workers' compensation claim must be brought before Industrial Commission); *Riley v. Debaer*, 149 N.C. App. 520, 526 (2002) *aff'd*, 356 N.C. 426, 571 S.E.2d 587 (2002) (where "defendants' mishandling of plaintiff's workers' compensation claim [allegedly] caused some type of tortious injury to the plaintiff for which the plaintiff seeks court sanctioned remedies," Industrial Commission has exclusive jurisdiction); *Deem v. Treadaway & Sons Painting & Wallcovering, Inc.*, 142 N.C. App. 472, 477 (2001) (same).

Plaintiff's complaint alleges that defendant has engaged and is engaging in acts and omissions in an effort to force plaintiff to settle his workers' compensation claim in order to avoid its statutory and contractual obligations to plaintiff under the North Carolina Workers'

3

Compensation Act. Cmp. ¶¶ 28; 33. Plaintiff's claims for bad faith and intentional infliction of emotional distress, as well as his related claim for punitive damages, clearly arise out of his workers' compensation claim, are collaterally related thereto, and therefore fall within the exclusive jurisdiction of the Industrial Commission. *See also Coleman v. Medi-Bill, Inc.*, No. 1:01CV171-C, 2001 WL 1160566 (W.D.N.C. Sept. 21, 2001) ("North Carolina intends the Industrial Commission to be the adjudicator of all disputes arising from injuries sustained on the job [and] all settlement agreements between the employee and employer. . . ."). Dismissal of each of plaintiff's claims pursuant to Rule 12(b)(1) for lack of jurisdiction is therefore appropriate.

Plaintiff contends that his intentional infliction of emotional distress claim falls outside the exclusive jurisdiction of the Industrial Commission, citing *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 488 (1986), but the Court is not convinced that more recent authority, noted above, holding otherwise is not more persuasive. *See also Beard v. Cumberland Cnty. Hosp. Sys., Inc.*, 204 N.C. App. 210, *3 (2010) (holding that collateral review of all claims related to pending workers' compensation claims within exclusive jurisdiction of Industrial Commission and listing cases holding same); *Riley*, 149 N.C. App. at 526-27 (2002) (on remand from North Carolina Supreme Court for reconsideration in light of *Johnson, supra*, claim for negligent infliction of emotional distress arising out of workers' compensation claim held to be within exclusive jurisdiction of Industrial Commission). However, the Court is aware of one instance in which the North Carolina Supreme Court considered an intentional infliction of emotional distress (IIED) claim arising out of a workers' compensation claim under a 12(b)(6) rather than 12(b)(1) standard, and thus this Court will engage in the same analysis. In *Groves v. Travelers Insurance Company*, 354 N.C. 206 (2001), the North Carolina Supreme Court affirmed

4

a court of appeals holding that claims for bad faith, unfair and deceptive trade practices, and civil conspiracy arising out of a workers' compensation claim must proceed before Industrial Commission, and reversed the appellate court's holding that a related intentional infliction of emotional distress claim could proceed in the Superior Court. The Supreme Court in its reversal specifically relied on the reasoning of the dissent in the court of appeals, which had found that the complaint had failed to allege conduct that would exceed the bounds of decency as required to support an IIED claim, and would have dismissed the claim for failure to state a cause of action. *Groves*, 139 N.C. App. 795, 800 (2000) (McGee, J. concurring in part and dissenting in part).

Plaintiff in this matter has also failed to state an IIED claim upon which relief could be granted. To establish a claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct by the defendant (2) which was intended to and does in fact (3) cause severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 83 (1992). "Conduct is extreme and outrageous when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Smith-Price v. Charter Behavioral Health Sys.*, 164 N.C. App. 349, 354 (2004) (internal quotation and citation omitted).

Here, as in *Groves*, plaintiff's allegation utterly fails to allege conduct that could be deemed to go beyond all possible bounds of decency. Plaintiff alleges that by choosing to rely on particular surgical opinions in order to avoid responsibility for medical compensation, defendant caused plaintiff to be moved to tears. Even when considering each of the allegations in plaintiff's complaint as true, "[t]he totality of defendant['s]actions simply is not comparable to cases in which [North Carolina] courts have imposed liability for intentional infliction of

5

emotional distress." *Groves*, 139 N.C. App. at 801. Accordingly, plaintiff has failed to state a claim for intentional infliction of emotional distress and such claim is alternatively dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [DE 5] is GRANTED. The Court is without subject matter jurisdiction to consider plaintiff's claims; alternatively, insofar as this Court would have subject matter jurisdiction to consider plaintiff's claim for intentional infliction of emotional distress, plaintiff has failed to state a claim upon which relief could be granted. Plaintiff's motion for joinder [DE 10] is therefore DENIED AS MOOT. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED, this 24 day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE